Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| YONIEL ALEXIS BONET LEBRÓN<br><br>Apelante<br><br>V.<br><br>CRISTALY M. ALMODÓVAR TORRES<br><br>Apelada | KLCE202400516 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Cabo Rojo<br><br>Caso Núm.: CB2023RF00030<br><br>Sobre: Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de mayo de 2024.

El 13 de mayo de 2024, el señor Yoniel Alexis Bonet Lebrón (en adelante, señor Bonet Lebrón o peticionario), presentó ante este Tribunal de Apelaciones un escrito intitulado *Petición de Certiorari*. Mediante este, nos solicita la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Cabo Rojo, el 15 de marzo de 2024 y notificada el día 18 del mismo mes y año. En virtud del aludido dictamen, el foro recurrido no autorizó la publicación por edicto de la sentencia de divorcio, hasta tanto no se acreditara que la señora Cristaly M. Almodóvar Torres (en adelante, señora Almodóvar Torres o recurrida) no se encontraba en servicio militar activo.

Adelantamos que, por los fundamentos que expondremos a continuación, se desestima la *Petición de Certiorari* por falta de jurisdicción, ello, debido al craso incumplimiento con las disposiciones reglamentarias para el perfeccionamiento de la misma.

**I**

Conforme surge del expediente ante nuestra consideración, el 2 de abril de 2024, el señor Bonet Lebrón presentó una *Moción de Reconsideración* ante el foro de instancia, solicitando la revocación de una *Resolución* emitida el 15 de marzo de 2024 y notificada el 18 de marzo del mismo año.[1] Mediante la referida *Resolución,* el tribunal primario no autorizó la publicación por edicto de una sentencia de divorcio, hasta tanto el peticionario acreditara que la recurrida no se encontraba activa en el servicio militar. En detalle, el Tribunal de Primera Instancia determinó lo siguiente:

> A Escrito Informativo y Solicitando Sentencia, presentada el 13 de marzo de 2024 por la parte demandante, el tribunal resuelve:
>
> Conforme a los datos personales de la demandada [suministrados] en la moción, [surgen] serias dudas si se encuentra o no, activa en el servicio militar.
>
> Siendo así, de conformidad con el Civil Relief Act, 50 USCA Sec. 2301, no procedía la sentencia dictada en Rebeldía. De conformidad con esta Ley la sentencia es anulable.
>
> Por lo cual la sentencia, habiendo sospecha de vicios de nulidad, no se autoriza su publicación por edicto, hasta tanto se acredite al tribunal que la demandada no se encuentra en servicio militar activo.[2]

Evaluada la solicitud de reconsideración, el 3 de abril de 2024, notificada el 12 de abril de 2024, el Tribunal de Primera Instancia emitió *Resolución [y] Orden,* declarando No Ha Lugar la solicitud, y ordenando al señor Bonet Lebrón acreditar, en un periodo de quince (15) días, que la señora Almodóvar Torres no se encontraba activa en el servicio militar.[3]

Inconforme con dicho dictamen, el peticionario acude ante esta Curia señalando como único error, el siguiente:

> Erró el Honorable Tribunal de Primera Instancia, Sala de Cabo Rojo, al no emitir sentencia/resolución de divorcio, poniendo como requisito la obtención de una

---
[1] Anejo 3 de la *Petición de Certiorari.*
[2] Anejo 2 de la *Petición de Certiorari.*
[3] Anejo 1 de la *Petición de Certiorari.*

certificación de que la demandada no está en las fuerzas armadas a tenor con el Servicemembers Civil Relief Act.

Por no ser necesario, prescindimos de la comparecencia de la recurrida, por lo que procedemos a disponer del presente recurso.

**II**

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una **resolución** u **orden** bajo las **Reglas 56 y 57** o de la **denegatoria de una moción de carácter dispositivo**. No obstante, y por **excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar **órdenes** o **resoluciones interlocutorias** dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la **admisibilidad de testigos de hechos o peritos esenciales**, asuntos relativos a **privilegios evidenciarios**, **anotaciones de rebeldía**, en casos de **relaciones de familia**, en casos que revistan **interés público** o en cualquier otra situación

---

[4] 4 LPRA Ap. XXII-B, R. 40.

en la cual esperar a la apelación constituiría un **fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). Regla 52.1 de Procedimiento Civil, *supra.*

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El *certiorari*, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Jurisdicción

Nuestra más Alta Curia, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán*

*Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). Un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos. *Íd.*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carezca de jurisdicción.

## C. *Perfeccionamiento de los Recursos*

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Montañez Leduc v. Robinson Santana*, 198 DPR 453, 549-550 (2017); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Montañez Leduc v. Robinson Santana*, supra, pág.

549; *Soto Pino v. Uno Radio Group*, supra; *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra.  Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[5] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[6]

---

[5] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[6] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, supra, pág. 130.

En lo pertinente al caso de marras, la Alta Curia ha dispuesto que para que un recurso quede perfeccionado, es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). El Reglamento del Tribunal de Apelaciones, en su Regla 33(B), 4 LPRA Ap. XXII-B, R. 33(B), dispone que, el recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones deberá ser notificado a los abogados o abogadas en récord, o en su defecto, a las partes, dentro del término dispuesto para la presentación del recurso. Esto es, dentro del término de treinta (30) días, contados a partir del archivo en autos de la copia de la notificación de la resolución u orden recurrida.

Por otro lado, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de *certiorari*, la Regla 34 del Reglamento de este Tribunal, en su inciso (E), 4 LPRA Ap. XXII-B, R. 34(E), dispone lo siguiente:

*Regla 34 – Contenido de la solicitud de "certiorari"*

[…]

(E) Apéndice

    (1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

        (a) Las alegaciones de las partes, a saber:

            (i) En casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

            (ii) […]

        (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) **Toda resolución u orden**, **y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia**, **en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta**.

(e) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia**.

(2)  [...]

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

El señor Bonet Lebrón nos solicita que revisemos la *Resolución* emitida el 15 de marzo de 2024 y notificada el 18 de marzo de 2024, por el Tribunal de Primera Instancia. Alega que, el foro *a quo* incidió al no emitir la sentencia de divorcio en el presente caso. No obstante, al revisar el expediente ante nuestra consideración, pudimos observar una serie de incumplimientos con el Reglamento de esta

segunda instancia judicial, que resultan imprescindibles para atender la controversia en sus méritos.

En primer lugar, es sabido que, para que un recurso quede perfeccionado es necesaria su notificación oportuna.[7] El incumplimiento con ello puede conllevar la desestimación.[8] Al examinar el expediente, nos percatamos que el peticionario no nos acreditó la notificación del recurso de epígrafe a la señora Almodóvar Torres. Ello, revela que el recurso ante nos no reúne los requisitos dispuestos para el perfeccionamiento de los recursos, al incumplir con la Regla 33(B) de nuestro Reglamento.

Por otro lado, de un estudio minucioso del expediente, observamos que el señor Bonet Lebrón no anejó al recurso copia de varios documentos esenciales, a los fines de resolver el asunto que se nos presenta. Con precisión, el peticionario se limitó a incluir en su *Petición de Certiorari*: (i) la *Demanda* radicada el 19 de junio de 2023[9]; (ii) una *Orden* emitida por el tribunal recurrido el 2 agosto de 2023, autorizando el emplazamiento por edicto de la recurrida[10]; (iii) la *Resolución* recurrida[11]; (iv) la *Moción de Reconsideración*[12] y, (v) la denegatoria de dicha solicitud[13].

Tanto de lo anterior, como de la *Resolución* recurrida, surge que, el peticionario omitió anejar, entre otros, la solicitud de emplazamiento por edicto, la acreditación de emplazamiento por edicto, la solicitud de anotación de rebeldía, y el escrito al que hace referencia el foro de instancia en el dictamen recurrido (Escrito Informativo y Solicitando Sentencia).

En adición, cabe señalar que, de la *Demanda* surge como causal de divorcio el consentimiento mutuo. Sin embargo, en los

---

[7] *González Pagán v. Moret Guevara*, supra, pág. 1070-1071.
[8] *Íd.*, pág. 1071.
[9] Anejo 4 de la *Petición de Certiorari*.
[10] Anejo 5 de la *Petición de Certiorari*.
[11] Anejo 2 de la *Petición de Certiorari*.
[12] Anejo 3 de la *Petición de Certiorari*.
[13] Anejo 1 de la *Petición de Certiorari*.

demás documentos anejados, la causal de divorcio lee como ruptura irreparable. El señor Bonet Lebrón tampoco incluyó en el apéndice demanda enmendada alguna que justificara tal incongruencia.

Dichas omisiones por parte del señor Bonet Lebrón suponen sin más el incumplimiento con la Regla 34(E)(1) de nuestro Reglamento, y tienen como resultado un recurso defectuoso que nos impide revisar la corrección del dictamen que se pretende impugnar.

En vista de todo lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal, la cual le confiere facultad a este foro para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando carece de jurisdicción.

**IV**

Por los fundamentos antes expuestos, se desestima el recurso de epígrafe por falta de jurisdicción, ello debido al craso incumplimiento con las disposiciones reglamentarias para el perfeccionamiento del mismo, lo que nos impide ejercer nuestra función revisora.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones